# C. F. Adams Company *v*. Helman.

[No. 8,383. Filed November 17, 1914. Rehearing denied January 26, 1915. Transfer denied March 26, 1915.]

1. CONTRACTS.—*Written.—Merger of Oral Agreements.*—A written contract merges all prior oral agreements concerning the same subject-matter. p. 399.

2. CONTRACTS.—*Oral Commission Agreement.—Agreement Embodied in Receipts for Commissions.—Effect.*—Where plaintiff and defendant had entered into an oral agreement whereby plaintiff was to sell silverware on a commission of three dollars for each set sold, of which he was to collect one dollar personally from the purchaser at the time of making the sale, and of which one dollar was to be paid to him when sale was verified by another agent, and the further sum of one dollar as soon as any collection was made on the amount due from the purchaser, the obligations of the defendant thereunder were not changed or discharged, in the absence of some new consideration for its execution, by a printed statement embodied in the separate receipts executed by plaintiff for commissions on goods previously sold by him, to the effect that it was his agreement that all commissions on any sale made should be due and payable only when collected by a regular collector, and that any money paid him on account should not be construed as waiving such rule in any manner. p. 400.

3. CONTRACTS.—*Action on Oral Contract.—Evidence.*—Where a contract for the sale of goods on commission was oral, the court properly admitted in evidence the several commission receipts signed by plaintiff, and containing a printed statement purporting to be an agreement differing in terms from the oral agreement, for the purpose of aiding the jury to ascertain the true terms of the original contract, and to show what sums had been paid to plaintiff from time to time. p. 400.

4. APPEAL.— *Review.— Evidence.— Weight and Sufficiency.*— The court on appeal will not attempt to weigh the evidence or determine its preponderance. p. 401.

5. APPEAL.—*Review.—Refusal of Instructions.*—There was no error in the refusal of instructions that were either inapplicable or were fully covered by the instructions given. p. 401.

6. PLEADING.—*Complaint.—Initial Attack · on Appeal.—Waiver.*— Where the objection to the sufficiency of a complaint appears upon

its face and is not taken by demurrer, it is waived by virtue of §344 Burns 1914, Acts 1911 p. 415, and an assignment of error attacking its sufficiency on appeal can not be considered. p. 401.

From Superior Court of Marion County (85,655) ; *Charles J. Orbison,* Judge.

Action by Bernard W. Helman against the C. F. Adams Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bailey & Young,* for appellant. .

*Frank R. Pixler, Charles E. Bennett* and *Jacob Steinmetz,* for appellee.

IBACH, P. J.—Appellee sued appellant to recover certain commissions alleged to be due him for the sale of silverware. The complaint of a single paragraph proceeds upon the theory that appellee entered into an oral contract with appellant company whereby he was to sell for it certain sets of silverware, either for cash, or on the installment plan. If for cash, he was to remit to the defendant the sum of $5.40 for each set. If on the installment plan, each set was to be sold for $13, upon a lease contract to be executed by the purchaser, and appellee was to receive for his service in making such sale the sum of $3, $1 of which he was to collect personally from the customer at the time of making the sale and obtaining the lease contract, and this he was to retain as part of his commission. He was to receive from appellant the further sum of $1 when the sale was verified by another agent of appellant and the further sum of $1 as soon as any collection was made on the amount, or if any collection was made at the time of verification of the lease, he was at that time to receive his additional $2. There is attached to the complaint a bill of particulars setting forth the various sales made, giving the number of each sale and the name of the customer, from which it appears that there is due appellee the sum of $281.75, for his services, for which amount he asks judgment.

Appellant answered the complaint by a general denial, also by an affirmative answer of one paragraph. There was a cross-complaint also filed, to which appellee filed an answer of general denial, and a reply of general denial to appellant's affirmative answer. The cause was tried by jury and a verdict for appellee in the sum of $137.20 was returned. Appellant's motion for new trial was overruled, and final judgment entered on the verdict, and the overruling of this motion is assigned as error. It is also assigned as error that the complaint does not state facts sufficient to constitute a cause of action.

Appellant avers in its affirmative answer many of the same facts as to installment sales which appear in the complaint with the further averments that, in case of cash sales, appellee was to remit to appellant the sum of $6.50 in full settlement of the set. As to the payment of appellee's commissions, it is averred that by the terms of the contract entered into between appellee and appellant, appellee, upon the sale of a set of silverware, was to collect the sum of $1 as an advance payment upon all goods sold on the installment plan or lease contract in which appellant retained the title to the goods until paid for and appellee was to keep said $1 as part pay for his commission and was to receive the remaining $2 of his commission whenever paid in by the customer, but no commission was to be paid by appellant beyond the amount actually collected upon the lease contract, and it was a part of the contract that if any monies were advanced as a commission upon any sale before the full amount of the commission or such amount as had been advanced had been paid in by the customer, and appellant thereafter should fail to collect a sufficient amount to cover the commission, then and in that event said amount would be rebated by appellee to appellant in his next settlement. Appellee was to be wholly responsible for each set of silverware taken by him for sale until one collection was made, and in case it was lost, he was to pay $5.40 therefor. It

C. F. Adams Co. *v.* Helman—58 Ind. App. 394.

was further agreed that if appellant was unable to collect any amount after the lease was turned over to it by appellee, the appellant might refund, if necessary, to the customer the dollar paid to the agent and take up such set of silver, and charge the same to appellee. It is then averred that appellant did pay to appellee the sum of $3 for each set sold by him and after said amount had been paid in by the customer. Also after appellee had begun work he was desirous of obtaining his full commission when a sale was made, and appellant paid him in full a number of such commissions, the name of each customer and the number of each sale and the amount of advancement in each is attached to the answer in the form of an itemized statement.

The averment is that these payments were made by virtue of a written agreement which was signed by appellee each time payment of commissions was made, which is also attached as an exhibit, and of which the following is a copy, the material part of which was in fine print at the bottom of the slip.

Form 265.

### C. F. ADAMS COMPANY.

(Receipt for Commission.)

Indianapolis, Ind., 2/26, 1910

B. Helman (Agent's Name.)

INSTRUCTIONS.—Send this receipt to Erie, where it will serve the double purpose of being a memorandum to headquarters of Commissions Paid (we keep a check on commissions here,) and where they will be filed for future reference. Enter the Agent's name and Lease Nos. with Amounts in your Cash Book, and post from that to Commission Book, checking each item "V" on Cash Book, as you post.

| Lease No. | Amount. | Address. |
|---|---|---|
| Forward | $22.50 | |
| 58597 | 2.00 | 327 Milton |
| 9 | 1.00 | 603 Main |
| 58600 | 1.00 | 612 Milton |
| 1 | 1.00 | 1525 Hendricks |
| 8 | 1.00 | 1030 W. 7th |

| | | |
|---|---|---|
| 9 | 2.00 | 1618 Central |
| 10 | 1.00 | 13 Meridian |
| 1 | 2.00 | 1003 Central |
| 2 | 1 00 | 2018 Cedar |
| 5 | 2.00 | 838 W. 2nd |
| 7 | 2.00 | 1718 S. Meridian |
| 9 | 1.00 | 1424 Forkner |
| 21 | .25 | 730 W. Ind. |
| 2 | 1.00 | 151 S. Farnem |

Total, $40.75

SETTLEMENT:

Cash, $........ Rebates, $........ Total, $........

Received of C. F. ADAMS CO., $........ *Commissions on the above Lease Numbers.* My agreement is that all commission on any sale made by me shall be due and payable only when it has been collected by regular collector, and that any money paid me on account shall not be construed as waiving this rule in any manner whatsoever. I further agree to be governed by all rules of the Company now in force or that at any future time may be put in force by them for the proper conduct of their business, and I agree that should any parts of possible commission be drawn ahead of collection, to refund the same, if not collected by the C. F. Adams Co. Also to be responsible for all goods until one collection has been made on same, and I authorize the manager of C. F. Adams Co. to deduct from commissions due me any amounts charged to me in accordance with above.

Helman, Agent.

100 M. 7-10. G. P. R. X.

The itemized statement made a part of this answer shows also the amount originally advanced to appellee at the times of sale as commission and the amount charged against him when the original $1 was paid to the defaulting purchaser in order that the goods might be recovered, and in cases where amounts were charged against him where less than $3 was paid in by the customer, and the lease was cancelled. It is also alleged in the answer that, after advancements were made to appellee in subsequent settlements, he allowed

and permitted all sums which had been paid him as his commission which had not been collected to be deducted by appellant in the settlements, and accepted the amounts which were due him from time to time over and above the rebates due appellant, and he has been paid in full all that is due him for his services.

By the cross-complaint, appellant seeks to recover from the appellee a sum of money representing duplicate payment of commissions paid through the mistake of both parties, also for sixteen sets of the ware which were not accounted for at $5.40 per set, amounting in all to $127.65.

It is to be observed that the principal difference between appellee's contention and the appellant's upon the oral contract is this: Appellee contends that the $1 or whatever he received on verification of the sale was an absolute payment to him of a part of his commission, and appellant contends that it was an advancement on the amount to be collected from a customer, and that it was not appellee's money until the amount was actually collected from the customer. In other words, it is appellee's contention that his contract was that appellant was to pay him his full commission of $3 whenever any payment had been received by appellant from the lessee of the goods. Appellant insists that the printed part of the commission receipts set out in the special answer constituted a new contract between the parties, and that when appellee signed the receipts with the printed statements referred to, by so signing them and accepting a copy thereof and retaining them as they were furnished from time to time as they made their settlements, he each time made a separate and distinct contract with appellant, and that all previous agreements verbally made with reference to the manner in which he was to receive his pay were merged in the written agreement contained in the several receipts executed by him. There can be no dispute that under the authorities cited by appellant

a written contract merges all prior parol agreements concerning the same subject-matter, but they do not apply to the facts of this case.

The several so-called commission receipts were signed by appellee after the work represented in each receipt had been concluded. He had then fully performed his contract and the obligations which rested upon appellant under the previous oral agreement could not be discharged by another written agreement without some new consideration, and there appears to be no consideration for the apparent new agreement contained in the second and third clauses of the separate commission receipts. *Sargent* v. *Robertson* (1897), 17 Ind. App. 411, 415, 46 N. E. 925. And since both parties agree that the original contract was oral, the court very properly admitted in evidence the several commission receipts signed by appellee, which contain the printed clauses in controversy, and particularly the first clause thereof for the purpose of aiding the jury in ascertaining the true terms of the original contract, and to show what sums had been paid from time to time to appellee. We are not inclined to hold that each receipt constituted a separate written contract, and that all prior negotiations upon the same subject-matter were merged into it, as is contended by appellant. Although, upon a superficial reading of some cases cited by appellant, it would seem that its contention is supported by them, a careful analysis of the cases cited reveals an entirely different state of facts from that disclosed by the records of this case. In those cases it appears that an oral contract was made between the shipper and carrier with reference to the shipment of certain property, and subsequently, but before acceptance by the carriers, the shipper accepted with knowledge, a written bill of lading which changed or varied the oral agreement as to such shipment and in such conditions it was held that the bill of lading would prevail. *Louisville, etc., R. Co.* v. *Wilson* (1889), 119 Ind. 352, 21 N. E. 341, 4 L. R. A.

244; *Steward* v. *Cleveland, etc., R. Co.* (1898), 21 Ind. App. 218, 52 N. E. 89. But we also find a line of cases which hold that if the bill of lading is not furnished the shipper until after the goods are fully accepted by the carrier under an oral agreement, the bill of lading constitutes no part of the contract, and the oral contract will control. *Snow* v. *Indiana, etc., R. Co.* (1887), 109 Ind. 422, 9 N. E. 702; *Rudell* v. *Ogdensburg Transit Co.* (1899), 117 Mich. 568, 76 N. W. 380, 44 L. R. A. 415; *Slower* v. *Chicago, etc., R. Co.* (1899), 109 Iowa 551, 80 N. W. 569.. If the reasoning is sound in these cases, and we think it is, our holding in the case at bar is likewise based upon reason and is supported by authority. It therefore seems unnecessary to pursue the discussion. There is legal evidence appearing in the record which tends to support the verdict on the material points. In such case this court will not attempt to weigh the evidence or determine its preponderance.

Appellant also contends that some of the instructions tendered by it should have been given, but in view of the position which we have taken with reference to the several commission receipts, it is at once apparent that they were inapplicable to this case. And since all the legal points contained in the instructions tendered by appellant applicable to the case were incorporated in the instructions given on the court's own motion we find no error in the refusal to give any of the instructions.

The assignment that the complaint does not state facts sufficient to constitute a cause of action can not be considered for the reason that appellant in the trial court did not raise by demurrer, or in any other manner, the objections here presented. No demurrer was filed to the complaint. The act of March 4, 1911 (Acts 1911 p. 415, §344 Burns 1914), provides that if one fails to take an objection to a complaint by demurrer if it does not on its

face state facts sufficient to constitute a cause of action, he shall be deemed to have have waived the same.

No error appears, and the judgment is affirmed.

NOTE.—Reported in 106 N. E. 733. As to evidence to explain words used in a written contract, see 122 Am. St. 545. See, also, under (1) 17 Cyc. 596; (2) 9 Cyc. 594; (3) 9 Cyc. 763; (4) 3 Cyc. 345; (5) 38 Cyc. 1613, 1711; (6) 2 Cyc. 691.